682 So.2d 74 (1996)
Lawton CHILES, etc., Petitioner,
v.
Robert MILLIGAN, etc., and Sandra Mortham, etc., et al., Respondents.
No. 88296.
Supreme Court of Florida.
October 10, 1996.
W. Dexter Douglass, General Counsel; Deborah K. Kearney, Deputy General Counsel and Michelle Anchors, Assistant General Counsel, Office of the Governor, Tallahassee, for Petitioner.
Andrea J. Moreland, Assistant General Counsel, Office of the Comptroller, and Donald L. Bell, General Counsel, Office of the Secretary of State, Tallahassee, for Respondents.
John W. Caven and Allan P. Clark, Jacksonville, for School Board of Baker County; Phyllis M. Rosier, Starke, for School Board of Bradford County; Harold T. Bistline of Stromire, Bistline, Miniclier, McDermott & Griffith, Cocoa, for School Board of Brevard County; Edward J. Marko of Marko & Stephany, Fort Lauderdale, for School Board of Broward County; J. David House of McClellan & House, P.A., Blounstown, for School Board of Calhoun County; Michael R. McKinley of Batsel, McKinley, Ittersagen, Gunderson & Berntsson, P.A., Port Charlotte, for School Board of Charlotte County; Richard S. Fitzpatrick of Fitzpatrick & Fitzpatrick, P.A., Inverness, for School Board of Citrus County; Frank M. Scruby, Orange Park, for School Board of Clay County; John Clapper, III of Roetzel & Andress, Naples, for School Board of Collier County; Frederick L. Koberlein of Norris, Koberlein & Anderson, P.A., Lake City, for School Board of Columbia County; Phyllis O. Douglas, Miami, for School Board of Dade County; J. Doyle Thomas, Cross City, for School Board of Dixie County; Fred D. Franklin, Jr., General Counsel and Ernst D. Mueller, Assistant General Counsel, Jacksonville, for School Board of Duval County; Louis F. Ray, Jr. and Robert W. Kievit of Ray, Kievit & Kelly, Pensacola, for School Board of Escambia County; Sheree H. Lancaster, Trenton, for School Board of Gilchrist County; Donald K. Rudser, Jasper, for School Board of Hamilton County; Karen O. Gaffney of Haag, Gaffney & Wilcox, P.A., Inverness, for School Board of Hernando County; James F. McCollum of James F. McCollum, P.A., Sebring, for School Board of Highlands County; W. Crosby Few, Tampa, for School Board of Hillsborough County; G. Russell Petersen of G. Russell Petersen, P.A., Vero Beach, for School Board of Indian River County; Frank E. Bondurant, Marianna, for *75 School Board of Jackson County; T. Buckingham Bird, Monticello, for School Board of Jefferson County; Steven E. Butler, Fort Myers, for School Board of Lee County; C. Graham Carothers of Ausley & McMullen, Tallahassee, for School Board of Leon County; Peter Langley, III, Bronson, and Jennefer Shuster, Yankeetown, for School Board of Levy County; Bill Roberts, Madison, for School Board of Madison County; Beverly A. Lambert of Pattillo & McKeever, P.A., Ocala, for School Board of Marion County; V. Tanner-Otts, Stuart, for School Board of Martin County; C. Jeffrey McInnis, Fort Walton Beach, for School Board of Okaloosa County; Tom W. Conely, III, Okeechobee, for School Board of Okeechobee County; Dr. Donald Shaw, Superintendent, Orlando, School Board of Orange County; Usher Larry Brown of Brown & Van Leuven, P.A., Orlando, for School Board of Osceola County; Cynthia S. Prettyman, General Counsel, West Palm Beach, for School Board of Palm Beach County; Thomas E. Weightman, Superintendent, Land O'Lakes, for School Board of Pasco County; Joe H. Pickens of Holmes & Pickens, P.A., Palatka, for School Board of Putnam County; Hugh Balboni, Superintendent, St. Augustine, for School Board of St. Johns County; Daniel B. Harrell of Gonano & Harrell, Chartered, Fort Pierce, for School Board of St. Lucie County; Charles F. Blalock, Jr., Superintendent, Live Oak, for School Board of Suwannee County; C. Allen Watts of Cobb, Cole & Bell, Daytona Beach, for School Board of Volusia County; C. Graham Carothers of Ausley & McMullen, Tallahassee, for School Board of Wakulla County; and Bill Williams, Superintendent, Chipley, for School Board of Washington County, for District School Boards, Respondents.
PER CURIAM.
Governor Lawton Chiles petitions this Court for a writ of mandamus that would require the expunction of the proviso language that is found in Specific Appropriations 140B and 142 of the 1996-97 General Appropriations Act and that is asserted to be unconstitutional. The contested proviso language relates to the expenditure of funds appropriated to categorical programs for instructional material and student transportation. Specifically, the challenged proviso language allows district school boards to spend up to 20% of the funds appropriated to a categorical program for purposes other than those required by the categorical program. However, sections 236.081(5) and 237.34(3), Florida Statutes (1995), have already created statutory guidelines dictating the way in which funds appropriated to categorical programs must be spent.
We emphasize that the issue presented today is narrow. We are not asked to comment on the wisdom of granting district school boards spending flexibility. Instead, we address only the procedure the legislature chose to effectuate that flexibility. The sole determination that we must make is whether the challenged proviso language unconstitutionally amends or changes an existing law on a subject other than appropriations.
In response to the Governor's petition, the Secretary of State and the Comptroller have advised the Court that they take no position as to the constitutionality of this proviso language. Further, neither the Florida Senate nor the Florida House of Representatives has sought to intervene and respond to the Governor's petition.[1] We have jurisdiction. Art. V, § 3(b)(8), Fla. Const. In summary, we find that the challenged proviso language is unconstitutional and direct that it be expunged.
In the statutory law of this state, specifically, chapter 236 entitled "Finance and Taxation; Schools," and chapter 237 entitled "Financial Accounts and Expenditures for Public Schools," Florida Statutes (1995), there are specific sections dealing with the expenditure of funds that have been appropriated for a categorical program. First, section 236.081(5) creates categorical programs "to assist in the development and maintenance of activities giving indirect support to the programs previously funded." Two of the categorical programs established in that *76 subsection provide for "instructional material" and "student transportation." Second, section 237.34(3) then sets out requirements for the expenditure of any funds appropriated to categorical programs. The relevant paragraph reads:
(b) Funds for inservice training established in s. 236.081(3) and for categorical programs established in s. 236.081(5) shall be expended for the costs of the identified programs in accordance with the rules of the state board.
(Emphasis added.) It is clear that the legislature intended that appropriations to categorical programs be expended only for those programs. The state board of education certainly understood this directive and implemented the statute accordingly. Rule 6A1.0141 of the Florida Administrative Code reads as follows:

Categorical program funds, identified in section 236.081, Florida Statutes, or any other ear-marked funds allocated to a school district shall be expended only in the program for which funds are provided. Any such funds, except those categorical program funds provided through contract or grant for a specific period of time, not expended by a school district as of the close of a fiscal year shall be carried forward into the following fiscal year for the same categorical purpose.
(Emphasis added.) The above statutes and implementing rule were in effect at the time of the 1996 legislature. That legislature chose to fund both the "instructional material" and "student transportation" categorical programs for the fiscal year 1996-97.
It certainly is possible for the legislature to provide spending flexibility for funds appropriated to categorical programs. Indeed, the legislature understood this possibility in view of bills introduced during the legislative session that would have provided such flexibility.[2] These bills were not enacted.
We now address the specific proviso language at issue. Specific Appropriation 140B, funding instructional material, contained the following proviso language:
Funds in Specific Appropriation 140B are provided to purchase instructional materials and to support any other instructional activity designated by the district school board. No district shall be required to use more than 80% of its Instructional Materials allocation for that purpose. As may otherwise be authorized by law, district school boards may use funds provided in Specific Appropriation 140B for science lab materials and equipment. Any district that uses funds provided in Specific Appropriation 140B for a purpose other than purchase of instructional materials shall include in its annual financial report the amount and purpose for each expenditure.
Ch. 96-424, § 2(140B), Laws of Fla. Further, Specific Appropriation 142 funds student transportation. That specific appropriation contains the following contested proviso language:
Funds in Specific Appropriation 142 are provided for transportation services and to support any other instructional activity designated by the district school board. No district shall be required to use more than 80% of its Student Transportation allocation for that purpose. Any district that uses funds provided in Specific Appropriation 142 for a purpose other than transportation services shall include in its annual financial report the amount and purpose for each expenditure.
Ch. 96-424, § 2(142), Laws of Fla.
One limitation on the power of the legislature is found in article III, section 12, of the Florida Constitution. That section states that "[l]aws making appropriations for salaries of public officers and other current expenses of the state shall contain provisions on no other subject." In our decisions construing this constitutional limitation, we have made it clear that an appropriations bill cannot amend an existing statute on a subject other than appropriations. Brown v. Firestone, 382 So.2d 654, 664 (Fla.1980).[3]
*77 We hold that the challenged proviso language clearly violates article III, section 12, of the Florida Constitution by attempting to amend an existing statute on a subject other than appropriations.[4] Accordingly, we direct the Secretary of State to expunge the unconstitutional language found in Specific Appropriations 140B and 142 of the 1996-97 General Appropriations Act. We further direct the Comptroller to ensure that the expunction of the challenged proviso language is reflected in the financial operations of the state. Because we believe that the parties will comply with the findings expressed in this opinion, we withhold the formal issuance of a writ of mandamus at this time. See Chiles, 659 So.2d at 1059.
It is so ordered.
KOGAN, C.J., and SHAW, GRIMES, HARDING, WELLS and ANSTEAD, JJ., concur.
OVERTON, J., recused.
NOTES
[1] In prior similar proceedings, the legislature has intervened in challenges to proviso language. E.g., Chiles v. Milligan, 659 So.2d 1055 (Fla. 1995).
[2] For example, Senate Bill 2246 would have repealed section 236.081(5), thereby eliminating categorical programs. Appropriations made for purposes served by the categorical programs would then have been governed by legislation allowing flexibility in spending.
[3] An appropriations bill can, of course, modify an existing law directed at appropriations.
[4] There can be no doubt that section 237.34(3) is an existing law directed to a subject other than appropriations. It reflects a policy choice as to the manner in which categorical program funds, if appropriated at all, should be expended. It is still up to the legislature to make the determination whether an appropriation should be made.